UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLYDE E. CHARLES, JR.<br>  Plaintiff, | )<br>)<br>) | |
| vs. | ) | Case No. 22-4058 |
| | ) | |
| BRAD ABERNATHY, et. al.,<br>  Defendants | )<br>) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Jail Administrator Brad Abernathy, Jail Administrator Louis Gossip, Nurse Rhonda, Nurse Meagan, and Nurse Melinda violated his constitutional rights at the Knox County Law Enforcement Center.

Plaintiff says on January 4, 2022, the B-pod was placed on quarantine lockdown due to the COVID-19 pandemic. On January 6, 2022, the inmates were all tested for the virus. On approximately, January 7, 2022, Plaintiff's cellmate discovered he had tested

positive. Plaintiff asked if he would be moved, and he was told they were looking into it.

The next day, Plaintiff asked a nurse why he still was in the same cell with an inmate who had COVID, and the nurse told Plaintiff she had no control over his cell assignment. Plaintiff threatened to file a lawsuit, and the Nurse laughed and wished him luck.

Also on approximately January 8, 2022, the Knox County Jail staff refused to let an attorney meet with Plaintiff's cellmate due to his COVID diagnosis, but still failed to move Plaintiff to a different cell. Plaintiff does not clarify how long he remained in the same cell, but Plaintiff says his claim spans from January 2, 2022 to February 4, 2022. (Comp., p. 5). Plaintiff is no longer incarcerated at the jail and is now in the Illinois Department of Corrections (IDOC).

Plaintiff apparently never tested positive for the virus noting staff said he had a "monster immune system." (Comp, p. 6). However, Plaintiff says jail staff was negligent in their duties and the refusal to move him put his health and safety in jeopardy. Therefore, Plaintiff requests damages. (Comp, p. 8)

There are several problems with Plaintiff's complaint. First, Plaintiff does not mention the named Defendants in the body of his complaint, or how they were involved in his claims. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark,* 497 F. 2d. 1206, 1207 (7th Cir. 1974)(district court properly

dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Second, "[i]t is well settled that mere negligence does not rise to the level of a constitutional violation." *Boclair v. Jeffreys*, 2022 WL 1120439, at *3 (S.D.Ill. April 14, 2022), *citing Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Third, Plaintiff has not articulated a constitutional violation based on his exposure to the COVID-19 virus. Whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of his allegations, Plaintiff must allege he suffered some harm.

"The Seventh Circuit recently reiterated the necessity of an actual injury to sustain a suit under § 1983." *Bolden v. Mezo Stallins*, 2022 WL 479797, at *6 (S.D. Ill. Feb. 16, 2022). In *Lord v. Beahm*, the Seventh Circuit noted an inmate's "claim fails on the basic proposition that he has sued for damages under § 1983 and alleged a constitutional tort (an Eighth Amendment violation) without developing evidence of a recoverable injury." *Lord,* 952 F.3d 902, 905 (7th Cir. 2020). A plaintiff cannot recover money damages without a showing of some type of harm. *Id.; see also Walker v. Leibert*, 844 F. Appx 920, 922 (7th Cir. 2021)("to the extent [Plaintiff] seeks damages based on the risk of what *could have* happened to him as a result, that risk is not actionable under § 1983 without actual injury."); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019)("In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.")(quotation marks and citation omitted); *Bart v. Telford*, 677

F.2d 622, 625 (7th Cir. 1982) ("Section 1983 is a tort [and] [a] tort to be actionable requires injury.").

Plaintiff does not believe the Knox County Jail followed proper protocols, and unnecessarily exposed him to other inmates, including his cellmate, who tested positive for COVID-19. Nonetheless, Plaintiff does not claim he ever had the virus, he faces no risk of future harm, and he no longer resides at the jail. *See Henry v. Deshler*, 2021 WL 2838400, at *2 (7th Cir. 2021) ("claim of deliberate indifference cannot be based on a risk that never came to pass."); *Lee v. Chak*, 2022 WL 1451666, at *2–3 (W.D.Wis. May 9, 2022(although inmate was housed with cellmate who tested positive for COVID, plaintiff failed to allege he suffered any harm); *Shaw v. Kemper*, 2021 WL 5493937, at *4 (E.D.Wis.Nov. 23, 2021)(Plaintiff fails to state a claim based on exposure to COVID which did not result in any injury); *see also Lee v. Doe*, 2022 WL 204355, at *4 (S.D.N.Y. Jan. 24, 2022)("Courts have routinely dismissed claims such as Plaintiff's for lack of standing based on the absence of injury in fact.")(listing cases); *Balas v. Stanish*, 2021 WL 5500512, at *4 (M.D.Pa.Nov. 23, 2021)(" Missing here is any allegation of actual injury attributed to Defendants' alleged placing of (plaintiff) in proximity with (COVID) infected inmates.")((listing cases).

Therefore, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. In an abundance of caution, the Court will allow Plaintiff one opportunity to file an amended complaint if he believes he can articulate a constitutional violation. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District

courts ... generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint.").

Plaintiff has also filed a Motion for Appointment of Counsel. [4]. Plaintiff does not have a constitutional or statutory right to counsel in this case. In considering Plaintiff's motion, the Court must consider two questions. For instance, "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Plaintiff has not met this requirement such as providing a list of attorneys contacted or copies of letters sent or received. His motion is therefore denied with leave to refile. [4].

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915A for failure to clearly articulate a claim upon which relief could be granted.

2) Plaintiff must file an amended complaint clarifying his claims in compliance with this order on or before July 14, 2022. If Plaintiff does not file an amended complaint on or before July 14, 2022, his case will be dismissed with prejudice.

3) Plaintiff's Motion for Appointment of Counsel is denied with leave to renew after he clarifies his claims. [4].

4) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline.

Entered this 22nd day of June, 2022.

        s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE